IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THRASH MASTER CONCAVES, LLC, and C&C COMBINE PERFORMANCE, LLC § § § Plaintiff, § § v. § § DONALD ESTES, CSM CORP. AND § COPPERHEAD CONCAVE SYSTEMS, § L.L.C. and CM WELDING, INC. § § Defendants. § § | | Case No. 3:18-CV-00280 Jury Demanded |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs Thrash Master Concaves, LLC ("Thrash Master") and C&C Combine Performance, LLC ("C&C") (collectively "Plaintiffs") bring this action against Defendants Donald Estes, CSM Corp., Copperhead Concave Systems, L.L.C. and CM Welding, Inc. (individually "Estes," "CSM", "Copperhead" and "CM" and collectively "Defendants") seeking declaratory relief and in support would contend as follows.

## PARTIES

1. Plaintiff Thrash Master Concaves, LLC is a domestic Limited Liability Company, having its principal place of business in the Southern District of Texas at 2000 Farm to Market Rd 3156, Bay City, Texas 77414.

2. Plaintiff C&C Combine Performance LLC is a domestic Limited Liability Company, having its principal place of business in the Southern District of Texas at 2000 Farm to Market Rd 3156, Bay City, Texas 77414.

3. Donald Estes ("Estes") is an individual residing in Frankfort, Indiana, located at 4496 N CR 0 EW, Frankfurt, Indiana 46401. Estes has appeared and responded herein.

4. CSM Corp. ("CSM") is an Illinois Corporation. CSM does not, as of the date of this filing, have any named executives and only an address to a registered agent. CSM has appeared and responded herein.

5. Copperhead Concave Systems, LLC is, upon information and belief, a South Dakota Limited Liability Corporation whose principal address is 1021 Diamond Trail, Suite 100, Hartford, South Dakota 57033 and may be served through its Registered Agent, Emily E. Berg at 45802, 254th Street, Humboldt, South Dakota 57035.

6. Defendant CM Welding, Inc. is, upon information and belief, a for-profit corporation incorporated in Indiana, with a principal place of business at 4496 N CR 0 EW, Frankfurt, IN 46401 and may be served through its Registered Agent Carolyn Mitchell at 4496 N. County Rd. 0 EW, Frankfort, Indiana 46041.

7. Estes is the patent inventor for U.S. Patent No. 8,454,416 reissued on May 16, 2018, as US RE 46,401 (the '416 patent).

8. Upon information and belief, the exclusive rights to make, use and/or sell the claimed invention have been acquired either by CSM and/or Copperhead. During mid-2018, CSM became, by virtue of an assignment filed with the U.S. Patent and Trademark Office, the current assignee and patent holder for the '416 patent, with a residual interest being held by Mr. Estes.

9. Upon further information, on or about July 26, 2018, Estes also entered into an exclusive licensing agreement under which all rights to the '416 patent were assigned to and conveyed to Copperhead, which has represented that it, rather than Mr. Estes or CSM, constitute the exclusive owner of the rights in and to the '416 patent.

10. This dispute arises out of patent infringement allegations and cease and desist demands made by Defendants to Plaintiffs within the Southern District of Texas.

## JURISDICTION & VENUE

11. Subject matter jurisdiction exists under 28 U.S.C. § 1331 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, which vests this Court with the power to resolve Plaintiffs' claim for declaratory relief. Plaintiffs' suit seeks a declaration that Plaintiffs do not infringe the '416 patent and that the '416 patent is invalid. By seeking declaratory relief to adjudicate this case and controversy, Plaintiffs' complaint raises a federal question under 28 U.S.C. §§ 1331 and 1338, which the Declaratory Judgment Act permits Plaintiffs to bring and this Court to adjudicate.

12. Venue is appropriate under 28 U.S.C. §§ 1391(b)(2) because Defendants do business within the state of Texas, the disputed actions have occurred in this district, the alleged infringement about which declaration is sought occurs within this district and a significant percentage, if not most witnesses applicable to this action reside within the Southern District of Texas.

13. This court has both *in personam* and general jurisdiction over the Defendants. Because CSM and Copperhead both purport to act, by virtue of an assignment by Estes, and thus operate by, through and under his rights and are subject to his activities in connection with this dispute within the state of Texas. Mr. Estes and CM have done business in the state of Texas in connection with the '416 patent in several ways. First, Mr. Estes has consistently sold the patented product in the state of Texas since the issuance of the patent and beforehand, both directly and through agents he has hired in Texas. He has done so both personally, and through corporations like CM owned and controlled by him. Estes and CM have retained, by contract, and paid agents

in Texas to conduct sales presentations, make sales, conduct product demonstrations, perform installations and respond to customer complaints or concerns within the state of Texas. Three of these agents are within the Southern District of Texas and a fourth is in the Northern District of Texas (Dallas). CM had also contracted with Western Equipment LLC, located throughout Texas, to sell and market the patented product. Upon information and belief, these activities by Estes have resulted in the sales of hundreds of thousands of dollars of the patented product within the Southern District of Texas and an accompanying stream of maintenance, repair and/or corrective action here. In addition, Mr. Estes has personally, and through attorneys retained by him, made repeated threats to sue Plaintiffs for infringement of the '416 patent in the Southern District of Texas and, through Plaintiffs' patent counsel, to be communicated to Plaintiffs, in the Southern District of Texas. Estes has further published information publicly accusing Plaintiffs of patent infringement and urging customers not to acquire Plaintiffs' concaves, directing each of these comments at Plaintiffs in the Southern District and causing injury within the Southern District of Texas.

14. Upon information and belief, Copperhead continues to solicit and to sell the patented product within the state of Texas and the Southern District of Texas. Copperhead has, for its own account, made claims of patent infringement against the Plaintiffs and has demanded the payment of royalties, under the '416 patent, from Plaintiffs in the Southern District of Texas, which are continuing, ongoing and repeated.

15. Further, the maintenance of this action within the state of Texas and within the Southern District of Texas will comport with commonly held standards of fair play and justice, as each of the Defendants, should they wish to initiate an action for infringement of the '416 patent, would be compelled to do so in the Southern District of Texas, which is the principal place of business and sole office of each of the Plaintiffs.

## **BACKGROUND**

16.     Plaintiffs Thrash Master Concaves, LLC and C&C Performance Concaves, LLC are local Texas manufacturers and sellers of aftermarket concaves for combine harvesters. Specifically, they manufacture and sell the patent pending Thrash Master Concave System. A concave is the part of the combine which threshes grains after they are severed and brought into the combine. It assists in separating the valuable grain head from the remaining plant. Of course, all combines come equipped with a concave device, but Plaintiffs have developed a unique configuration for their concave that significantly improves the speed of harvest, reduces the amount of damage done to grains during threshing, and reduces the inadvertent loss of grains and seeds.

17.     Plaintiffs' products compete within the same general market as those offered by Defendants under the '416 patent, and against many others in the market as well.

18.     Estes, the inventor, assigned the "the full, entire and exclusive right, title and interest" of the '416 patent to CSM in August of 2018.

19.     On or about May 15, 2018, Estes, and/or attorneys representing him, contacted Plaintiffs and asserted they had reviewed Plaintiffs' concaves and Plaintiffs infringed the '416" patent, mentioning that they believe infringement "not only exists" but "infringement appears to have occurred."  They separately attempted to make a demand upon Plaintiffs for the payment of royalties, and to arrange negotiations for a license of the '416 patent. Estes made specific demands for a per unit royalty under the '416 patent, telling Plaintiffs that they should keep all of their records because they would have to account for royalties on their sales.

20. On or about May 25, 2018, Donald Estes called Plaintiffs and demanded they pay $500 for each concave sold in the past and that Plaintiffs agree to a licensing agreement for all future sales.

21. Defendant Estes, and others acting on their behalf, have posted on social media and other blogs that target consumers of concaves in Texas that they should not purchase Plaintiffs' Thrash Master Combine System, publicly accusing them of infringing the '416 patent, in order to interfere with their ongoing sales efforts and to redirect business to the Defendants. These publications were directed at Plaintiffs and numerous customers have contacted them concerned over the public allegations.

22. A substantial controversy between Plaintiffs and each Defendant of sufficient immediacy and reality sufficient to require a declaration of the rights of the parties at least because, though Plaintiffs believe Defendants' claims to be meritless, it has a reasonable apprehension Defendants will sue Plaintiffs for infringement of its Patent '416. Plaintiffs have real and reasonable apprehension that its construction, commercialization, and operation of its concaves could, according to statements by Defendants, subject them to liability for patent infringement. An immediate, real and justiciable controversy exists between Defendants and Plaintiffs.

## Count I

### Declaration of Non-Infringement of the '416 Patent

23. Plaintiffs incorporate all of the preceding paragraphs as if fully laid out herein.

24. Plaintiffs and their concave do not and have not infringed, literally or under the doctrine of equivalents, directly or indirectly, any valid claim of the '416 patent.

25. Defendants continue to accuse Plaintiffs of infringement of the '416 Patent and demand payment from Plaintiffs for the sale of its concaves.

26. The acts of Defendants in the preceding paragraphs create a substantial controversy of sufficient immediacy and reality to warrant a finding of declaratory judgment of no infringement of any claim of the '416 Patent.

27. Plaintiffs seek declaration and final judgment that neither the manufacture, sale or use of the concave it has made, used and sold does not directly or indirectly infringe any claim of the '416 Patent.

### Count II

### Declaration that the '416 Patent is Invalid

28. Plaintiffs incorporate all the preceding paragraphs as though fully laid out herein.

29. Upon information and belief and after reasonable investigation, the '416 claims are invalid because: (1) pursuant to 35 U.S.C. 102(a), the device for which patented claims issued was described in a printed publication, or in public use, on sale, or otherwise available to the public prior to the time of the effective filing date of the '416 patent; (2) pursuant to 35 U.S.C. § 102(a), each claim of the '416 patent was anticipated by one or more prior art references, as the claimed invention was described in a patent issued, or in an application for patent published or deemed published in which the patent or application names another inventor and was effectively filed before the effective filing date; (3) pursuant to 35 U.S.C. § 103(a), each claim of the '416 patent was obvious in light of the existence of prior art, before the effective date of filing, to a person having ordinary skill in the art to which the claimed invention pertains; and (4) pursuant to 35 U.S.C. § 112 the, claims are not sufficiently well-stated to permit a person of ordinary skill to determine the scope of the inventive claims, as it fails to particularly point out and distinctly claim the subject matter which the inventor regards as the invention.

## **PRAYER FOR RELIEF**

30. Plaintiffs Thrash Master Combine Performance, LLC and C&C Combine Performance, LLC respectfully request the Court grant the relief that follows:

    a. Declaring Plaintiffs do not infringe any claim of the '416 patent;

    b. Declaring that the '416 Patent is unenforceable;

    c. Declaring that each claim of the '416 Patent is invalid;

    d. Awarding Plaintiffs their costs and attorneys' fees 35 U.S.C. § 285; and

    e. Any further relief that may be necessary to resolve the dispute between the parties and such other relief that Plaintiffs may be entitled.

Respectfully submitted,

*/s/ Thomas M. Fulkerson*
Thomas M. Fulkerson
State Bar No. 07513500
Southern District I.D. No. 774
Email: tfulkerson@fulkersonlotz.com
FULKERSON LOTZ LLP
4511 Yoakum Blvd., Suite 200
Houston, Texas 77006-5821
Telephone: 713.654.5800
Facsimile: 713.654.5801

ATTORNEY-IN-CHARGE FOR PLAINTIFFS
THRASH MASTER CONCAVES, LLC AND
C&C COMBINE PERFORMANCE, LLC

OF COUNSEL:
Gavin K. Uttecht
State Bar No. 24069111
Southern District I.D. No. 2723021
Email: guttecht@fulkersonlotz.com
FULKERSON LOTZ LLP
4511 Yoakum Blvd., Suite 200
Houston, Texas 77006-5821

## CERTIFICATE OF SERVICE

The undersigned certifies a true and correct copy of the foregoing document will be automatically accomplished on all known Filing Users in this case through the Notice of Electronic Filing in accordance with the Southern District of Texas' Administrative Procedures for Electronic Filing on February 5, 2019.

Ray T. Torgerson
rtorgerson@porterhedges.com
Jonathan M. Pierce
jpierce@porterhedges.com
Porter Hedges LLP
1000 Main St., 36th Floor
Houston, Texas 77002

*/s/ Thomas M. Fulkerson*
Thomas M. Fulkerson